```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                  COLUMBUS DIVISION
```

ELISABET ELLIS,                       *

    Plaintiff,                    *

vs.                                   *
                                     CASE NO. 4:11-CV-78 (CDL)

OLD BRIDGE TRANSPORT, LLC d/b/a *
SCOPE  TRANSPORTATION,  MIRZA
GEKO, and ILLINOIS NATIONAL *
INSURANCE COMPANY,
                              *

    Defendants.

## O R D E R

This action arises from a motor vehicle collision involving Plaintiff Elisabet Ellis ("Ellis"), a passenger in one of the vehicles, and Mirza Geko ("Geko"), the driver of the other vehicle, a tractor-trailer owned by Geko's employer Old Bridge Transport, LLC ("Old Bridge"). Ellis alleges that Geko, while within the scope of his employment with Old Bridge, was negligent in the operation of his vehicle. She further claims that he exhibited an entire lack of care, demonstrating a conscious disregard for the consequences of his actions by talking on his cell phone at the time of the collision and by leaving the scene of the accident after it occurred. Ellis asserts claims for compensatory and punitive damages against Geko for his negligence and lack of care. She also seeks compensatory and punitive damages against Old Bridge based on

respondeat superior liability and its negligent hiring, entrustment, training, and supervision.[1] Old Bridge admits respondeat superior liability to the extent that Geko is found liable for compensatory damages. Geko and Old Bridge seek summary judgment as to Ellis's claims for punitive damages; Old Bridge seeks summary judgment as to Ellis's claims for negligent hiring, entrustment, training, and supervision. For the following reasons, Old Bridge and Geko's motion for partial summary judgment (ECF No. 31) is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual

---

[1] Ellis did not include a claim against Old Bridge for punitive damages arising from its training and supervision of Geko in her original complaint. She has filed a motion to amend her complaint to add that claim (ECF No. 34). The Court finds that the amendment should be permitted, but for the reasons explained in the remainder of this Order, the Court finds that Old Bridge is entitled to summary judgment as to the amended claim.

dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## DISCUSSION

The Court must first determine whether Ellis's claims for punitive damages fail as a matter of law. If they do, Geko and Old Bridge are entitled to summary judgment on those claims. Moreover, in light of Old Bridge's stipulation to respondeat superior liability, Old Bridge would be entitled to summary judgment on Ellis's claims for negligent hiring, entrustment, training, and supervision if it is not liable for punitive damages. *Durben v. Am. Materials, Inc.*, 232 Ga. App. 750, 751, 503 S.E.2d 618, 619 (1998); *Bartja v. Nat'l Union Fire Ins. Co.*, 218 Ga. App. 815, 817, 463 S.E.2d 358, 361 (1995).

In this diversity action, Georgia law applies. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (stating that federal courts sitting in diversity must apply the substantive law of the forum state); *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 809, 816, 621 S.E.2d 413, 414, 419 (2005) (affirming that Georgia choice of law rules apply the doctrine of *lex loci delicti* to tort claims, which means that the law of the state where the tort was committed governs the substantive rights of the injured party). In Georgia, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions

3

showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). It is well settled that "[n]egligence, even gross negligence, is inadequate to support a punitive damages award . . . [S]omething more than the mere commission of a tort is always required for punitive damages." *Brooks v. Gray,* 262 Ga. App. 232, 232, 585 S.E.2d 188, 189 (2003) (second alteration in original) (internal quotation marks omitted). In cases involving motor vehicle collisions, "punitive damages are authorized when the accident results from a pattern or policy of dangerous driving, such as excessive speeding or driving while intoxicated, but not when a driver simply violates a rule of the road." *Lindsey v. Clinch Cnty. Glass, Inc.,* 312 Ga. App. 534, 535, 718 S.E.2d 806, 807 (2011).

Although Ellis initially focused her punitive damages claim against Geko on his alleged leaving the scene of the accident, she does not rely upon that theory in her response to Defendants' motion for summary judgment. Instead, she argues that Geko's cell phone usage supports her claim for punitive damages. To the extent that Ellis originally maintained that Geko's alleged leaving the scene supports her punitive damages claim, the Court finds that Ellis has abandoned this claim. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th

4

Cir. 1995) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

Two issues are presented by Defendants' motion for partial summary judgment: (1) whether Geko's use of his cell phone at the time of the collision, along with a history of cell phone use while driving, are sufficient to authorize a claim for punitive damages under Georgia law against Geko; and (2) whether Ellis has presented sufficient evidence that Old Bridge's training and supervision of Geko regarding cell phone use showed an entire want of care that raises a presumption that Old Bridge had a conscious indifference to the consequences of its allegedly inadequate training and supervision.

As to Ellis's cell phone claim against Geko, the Court finds that the Georgia Court of Appeals has rejected such a claim under almost identical circumstances. *See Lindsey*, 312 Ga. App. at 536, 718 S.E.2d at 808 (holding that a driver's pattern of using a cell phone while driving does not, without more, justify an award of punitive damages). As observed by the Georgia Court of Appeals in *Lindsey*, "the proper use of a wireless communication device while driving does not constitute a violation of the duty to exercise due care while operating a motor vehicle." *Id.* Moreover, even if Geko's use of the cell phone under the circumstances here constitutes negligence, mere negligence, or even gross negligence, does not support a claim

5

for punitive damages. *Id.* "[T]here must be clear and convincing evidence of a pattern or policy of dangerous driving." *Id.* As in *Lindsey,* "there is no evidence that [Geko] . . . had a history of distraction-related accidents, traffic violations, or other evidence that would show a pattern of dangerous driving or other aggravating circumstances so as to authorize an award of punitive damages." *Id.* The fact that Geko may have had a pattern of using a cell phone while driving, which as noted by the *Lindsey* court is legally permissible under Georgia law, is not enough standing alone to establish a policy or pattern of dangerous driving. *Id.* Accordingly, Geko is entitled to summary judgment on Ellis's punitive damages claim, and Old Bridge is entitled to summary judgment to the extent that Ellis's punitive damages claim is based on respondeat superior liability.

The Court also finds that Ellis has failed to point to sufficient evidence from which a reasonable jury could conclude by clear and convincing evidence that Old Bridge's training and supervision of Geko regarding cell phone usage showed an entire want of care supporting a claim for punitive damages. Ellis argues that Old Bridge had a policy against cell phone usage while driving, but it knew that its drivers, including Geko, did not follow the policy. Ellis seeks to impose punitive damages upon an employer for failing to assure that its employee did not

6

engage in conduct that is otherwise lawful and has been found by the Georgia Court of Appeals not to demonstrate a conscious disregard for safety. The Court finds that under the circumstances in this case, Ellis has failed to produce sufficient evidence from which a reasonable jury could conclude by clear and convincing evidence that Old Bridge's alleged failure to train and supervise Geko demonstrated an entire want of care that would raise the presumption that Old Bridge had a conscious disregard for the consequences of its conduct. Accordingly, Old Bridge is entitled to summary judgment on Ellis's punitive damages claims against it.

With no claim for punitive damages remaining in the case, Ellis's negligent hiring, entrustment, training, and supervision claims also fail as a matter of law. The parties appear to agree that Old Bridge's admission of respondeat superior liability requires that summary judgment be granted in favor of Old Bridge on these claims given the absence of a punitive damages claim. The Court finds that this acknowledgement is supported by Georgia law. *See, e.g.*, *Durben*, 232 Ga. App. at 751, 503 S.E.2d at 619; *Bartja,* 218 Ga. App. at 817, 463 S.E.2d at 361. Accordingly, summary judgment is granted in favor of Old Bridge on Ellis's claims for negligent hiring, entrustment, training, and supervision.

CONCLUSION

Notwithstanding Ellis's zealous attempt to convert this motor vehicle wreck into something it is not, the facts and the law show it for what it is: a simple negligence claim against the driver with respondeat superior liability against the driver's employer.  Defendants' motion for partial summary judgment (ECF No. 31) is granted.

IT IS SO ORDERED, this 17th day of December, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE